UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CRIMINAL ACTION NO. 10-1-DLB-JGW-2
CIVIL ACTION NO. 12-7231-DLB

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.          **ORDER ADOPTING REPORT & RECOMMENDATION**

DWAYNE BAXTER                                                DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**Introduction**

This matter is before the Court on Defendant's Motion to Vacate or Set Aside his federal conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. # 81), and the United States' Motion to Dismiss Defendant's § 2255 motion (Doc. # 83). Consistent with local practice, this matter was referred to Magistrate Judge J. Gregory Wehrman for the purpose of reviewing the motions and preparing a Report and Recommendation (R&R). After reviewing the issues raised by Defendant, Magistrate Judge Wehrman issued an R&R on November 30, 2012 (Doc. # 86) recommending that the United States' motion to dismiss be granted, and Defendant's motion be denied. Defendant filed timely objections to the R&R on December 12, 2012 (Doc. # 88), and this matter is now ripe for review. For the reasons that follow, Defendant's objections are overruled, and the Magistrate Judge's R&R is adopted as the opinion of the Court.

1

**Defendant's objections to the R&R**

Defendant raises two objections to Magistrate Judge Wehrman's R&R. First, he contends that the Magistrate Judge erred in concluding that his § 2255 petition is barred by the appellate waiver of his plea agreement. Defendant argues that he did not knowingly and voluntarily waive his right to collaterally attack his sentence because he did not "clearly [understand] the full consequences of the plea and waiver of his . . . right to file an attack collaterally of the guilty plea conviction, nor was it discuss (sic) between him and counsel as to what an (sic) collateral attack means or is by the Court or counsel." (Doc. # 88 AT 12). Second, Defendant argues that the Magistrate Judge erred in recommending dismissal of his ineffective assistance of counsel claim. However, aside from reiterating arguments presented to the Magistrate Judge, Defendant has failed to specifically explain how the Magistrate Judge erred.

**Analysis**

Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections within fourteen days after being served with a copy of a Magistrate Judge's Report and Recommendation. Objections must specifically challenge portions of the report or the proposed findings or recommendations. *Id.* So long as a party is properly informed of the consequences of failing to file an objection, "the party waives subsequent review by the district court . . . if it fails to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Filing vague, general or conclusory objections does not meet the specificity requirements and may be treated as a complete failure to file. *Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (citing *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001)). Additionally, another district court in this Circuit holds that, "an 'objection' that does nothing more than state a

disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004); *See also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio. Sept. 15, 2011) (holding "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived"). Such an "objection" fails to put the district court on notice of any potential errors in the Magistrate Judge's Report and Recommendation. *VanDiver*, 304 F. Supp. 2d at 938.

Defendant's "objections" have failed to put this Court on notice of any potential errors in the R&R. Defendant expresses general disagreement with the Magistrate Judge's conclusions, but he does not explain how the Magistrate Judge erred. For example, in challenging the Magistrate Judge's conclusion that Defendant knowingly and intelligently waived his right to appeal his sentence, Defendant generally states that he "still maintains that his guilty plea was not made knowingly, intelligent, and voluntary." (Doc. # 88 at 3). However, aside from citing the Court to arguments presented to the Magistrate Judge, Defendant does not explain how the Magistrate Judge erred. Likewise, in challenging the Magistrate Judge's conclusion that Defendant waived his right to challenge his counsel's effectiveness, Defendant only incorporates by reference arguments presented to the Magistrate Judge. Without presenting more specific objections, this court is effectively being asked to reconsider what the Magistrate Judge has already reviewed. As the Sixth Circuit states, "[this] duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrate Act." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Therefore, Defendant's

generic objections must be denied.

Additionally, the Court agrees with the Magistrate Judge's well-reasoned R&R. As the Magistrate Judge appropriately concluded, Defendant knowingly and intelligently waived his right to collaterally attack his conviction and sentence in paragraph seven of his plea agreement. At his re-arraignment, the Court reviewed the appellate waiver provision of the plea agreement with Defendant, and specifically explained the consequences of the collateral attack waiver. (Doc. # 66 at 37). Defendant acknowledged that he discussed this wavier with counsel and affirmed it was his intention to waive his appellate rights. (*Id.* at 36-37). The Court then found that Defendant's appellate waiver was both knowing and voluntary. (*Id.*).

Despite Defendant's appellate waiver, Defendant filed a direct appeal with the Sixth Circuit Court of Appeals, arguing that his base offense level was incorrectly calculated and that he received ineffective assistance of counsel. The Sixth Circuit held that Defendant was precluded from appealing his sentence, including the Court's computation of his base offense level, by virtue of the waiver provision in his plea agreement. (Doc. # 72 at 3-4). It is now law of the case that Defendant's appellate waiver is enforceable because it was entered knowingly and voluntarily. *Hanover Ins. Co. v. American Engineering Co.*, 105 F.3d 306, 312 (6th Cir. 1997) ("Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case.").

Defendant, however, asserts that he did not knowingly waive his right to collaterally attack his conviction and sentence. He contends that he did not clearly understand the consequences of his appellate waiver, and that his counsel failed to adequately discuss the waiver with him. The record shows that this contention is inaccurate. At his re-

arraignment, the Court stated:

> You're also giving up your right to attack collaterally the guilty plea, conviction, and any sentence below or within the guideline range. That is a separate right you may have under some limited circumstances to file a separate lawsuit challenging your conviction and sentence based upon some alleged constitutional violation. Do you each understand you're giving up that right by way of this plea agreement?

(Doc. # 66 at 37). Defendant responded, "Yes, Sir." As this colloquy makes clear, Defendant was sufficiently advised by the Court about the consequences of his appellate waiver, and Defendant acknowledged that he understood those consequences. He is now bound by the terms of the waiver.

Defendant's appellate waiver deserves one final comment – the Magistrate Judge correctly concluded that Defendant has not presented an ineffective assistance of counsel claim that undermines his guilty plea or appellate wavier. Of course, a waiver of appeal rights may be challenged on the grounds that it was the product of ineffective assistance of counsel. *United States v. Flowers*, 428 F. App'x 526, 530 (6th Cir. 2011). Here, Defendant's ineffective assistance of counsel claim is entirely unrelated to his decision to enter a guilty plea. Instead, as the Magistrate Judge stated, "Defendant's ineffective assistance of counsel claim relates only to counsel's failure to argue for a reduction in [D]efendant's sentence and in no way does the argument involve the validity (i.e., knowing and voluntary nature) of the waiver provision." (Doc. # 86 at 8). Therefore, the Court concurs with the Magistrate Judge's conclusion that Defendant's appellate waiver is enforceable, and precludes the Court from reviewing each of the claims presented in his § 2255 petition.

**Conclusion**

Accordingly, **IT IS ORDERED** as follows:

(1)     Defendant's Objections (Doc. # 88) to the Magistrate Judge's Report and Recommendation are hereby **OVERRULED**;

(2)     The Magistrate Judge's Report and Recommendation (Doc. # 86) is hereby **ADOPTED** as the Findings of Fact and Conclusions of Law of the Court;

(3)     The United States' Motion to Dismiss Baxter's § 2255 Motion to Vacate Sentence (Doc. # 83) is hereby **GRANTED**;

(4)     Defendant's Motion to Vacate, Set Aside or Correct Sentence (Doc. # 81) is hereby **DENIED**;

(5)     For the reasons set forth herein and in the Magistrate Judge's R&R, the Court determines there would be no arguable merit for an appeal in this matter and, therefore, no certificate of appealability shall issue; and

(6)     This matter is hereby **DISMISSED WITH PREJUDICE**, and stricken from the Court's docket.

This 15th day of January, 2013.



Signed By:
*David L. Bunning*
United States District Judge

G:\DATA\ORDERS\Ashland Criminal\2010\10-1 Baxter Order Adopting R&R denying 2255.wpd